IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SAMANTHA VANSTAVERN,             )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    1:18CV1016
                                 )
EXPRESS SERVICES, INC., d/b/a    )
EXPRESS EMPLOYMENT               )
PROFESSIONALS, and INDUSTRIAL    )
CONSTRUCTION EXPERTS, INC.,      )
                                 )
          Defendants.            )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Samantha VanStavern brings the following claims against Defendant Express Services, Inc. ("Express"): a claim for sex discrimination under 42 U.S.C. § 2000e et seq., a claim for retaliation under 42 U.S.C. § 2000e-3, and a state law claim for wrongful discharge under N.C. Gen. Stat. § 143-422.2.[1] (Doc. 12.) Defendant Express has moved to dismiss Plaintiff's claims as against Express Services pursuant to Fed. R. Civ. P. 12(b)(1)

---

[1] Plaintiff brings these three claims against Defendant Industrial Construction Experts ("ICE") as well. (Amended Complaint (Doc. 12) ¶¶ 45-66.) Plaintiff also brings a fourth claim for intentional infliction of emotional distress under state law solely against Defendant ICE, (id. ¶¶ 67-72), but because Defendant ICE did not join Defendant Express' motion to dismiss, this claim is therefore not at issue here.

and 12(b)(6). (Doc. 16). For the reasons set forth below, the motion will be denied without prejudice.

I. **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The facts, construed in the light most favorable to Plaintiff, are as follows.

   A. **Alleged Sexual Harassment and Retaliation**

Plaintiff is a resident of Blowing Rock, North Carolina. (Amended Complaint ("Am. Compl.") (Doc. 12) ¶ 1.) Defendants Industrial Construction Experts, Inc. ("ICE") and Express jointly employed Plaintiff. (Id. ¶¶ 2-3.) Plaintiff began working for Defendants on November 9, 2017, and worked for them until her termination on March 8, 2018. (Id. ¶ 8.) Defendants hired her as Vice President of Client Relations of ICE. (Id. ¶ 9.)

When Plaintiff began working, she was told she would be "shadowing" Mr. Kenneth Cronch, the president of ICE. (Id. at 1; ¶ 10.) Plaintiff alleges Cronch almost immediately began sending her flirtatious text messages, telling her he loved her, commenting on her appearance, and requesting pictures of her dressed up to go out to dinner. (Id. ¶¶ 11-15.) He also allegedly treated Plaintiff like a "personal assistant," asking her to take his mother to a doctor's appointment, making him drinks, and running errands for him. (Id. ¶ 20.)

On February 4, 2018, Plaintiff sent Cronch a text message asking for space and letting him know that "the harassment she was suffering caused her to fall ill twice within the span of two weeks." (Id. ¶ 24.) The following day, Plaintiff called in sick, and Cronch "sent numerous text messages to [Plaintiff] that day demanding that she call him." (Id. ¶¶ 26–27.)

Plaintiff alleges that Cronch acted angrily toward her at least twice in late February, following her request for space. Once, after she patched a flat tire on the company truck she was using, Cronch allegedly yelled at her and "slammed the truck door shut, and threw objects into the truck so hard that Ms. VanStavern was fearful that a window in the truck would break." (Id. ¶ 34.) A few days later, Cronch had Plaintiff bring him blueprints she had prepared, "inspected the blueprints for a few moments before proceeding to furiously mark them with large 'X's and then ripped the pages up into pieces and threw them at Ms. VanStavern's feet." (Id. ¶ 35.)

On March 7, 2018, Cronch ordered Plaintiff to fill out timesheets "backdated to her first date of employment with ICE using a specific form that [Plaintiff] had not seen used widely at the company." (Id. ¶ 36.) When Plaintiff told Cronch she thought it was unreasonable to expect her to accurately fill out the timesheets for each day dating back to November 2017, Cronch

"responded by stating something to the effect of 'if you don't think I will cut you, you have another thing coming! I cut my son and my three bitch wives out of my life, I can cut you. I don't have a problem cutting people out of my life.'" (Id. ¶ 37.)

Defendant ICE fired Plaintiff the following day, "allegedly because she copied a consultant hired by ICE to help improve efficiency within the company on an email describing her daily tasks." (Id. ¶ 38.) Plaintiff had "received no prior warnings or instructions to refrain from copying the consultant on such emails." (Id.)

Plaintiff alleges that "Defendants ICE and Express operated in concert to subject Plaintiff to the conduct described," and "Express either knew or should have known of the conduct perpetrated by Mr. Cronch and ICE towards [Plaintiff]." (Id. ¶ 40-41.)

### B. Equal Employment Opportunity Commission ("EEOC") Charge

Plaintiff filed her original charge of discrimination with the EEOC on March 14, 2018, which Defendant does not dispute (Def. Express Services' Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Br.") (Doc. 19) at 7.) Plaintiff's original EEOC charge, however, does not name or reference Defendant Express. (Pl.'s Mem. in Opp'n to Def. Express Services Mot. to Dismiss

("Pl.'s Resp.") (Doc. 21) Ex. 1, EEOC Charge of Discrimination ("EEOC Charge") (Doc. 21-1) at 1.) On May 17, 2018, Plaintiff filed an Amended Charge of Discrimination with the EEOC, alleging sex discrimination and retaliation. (Pl.'s Resp., Ex. 2, Amended EEOC Charge of Discrimination (Doc. 21-2) at 1.) Plaintiff named Defendants ICE and Express in her amended charge. (Id.)

The EEOC issued Plaintiff a right-to-sue letter for her initial charge of discrimination on September 19, 2018. (Id. ¶ 43.) Plaintiff received her right-to-sue letter for her amended charge on March 19, 2019. (Pl.'s Resp., Ex. 6, Notice of Right to Sue (Doc. 21-6) at 1.)

C. **Procedural History**

Plaintiff filed her complaint in this court on December 13, 2018. (Complaint (Doc. 1).) On February 27, 2019, Plaintiff filed an Amended Complaint. (Am. Compl. (Doc. 12).)

Plaintiff brings four claims, but only three against Defendant Express.[2] First, she alleges a violation of Title VII of the Civil Rights Act of 1964 for sex discrimination and harassment. (Id. ¶¶ 46–52.) Second, she brings a claim for

---

[2] Plaintiff brings a fourth claim for intentional infliction of emotional distress under state law solely against Defendant ICE and therefore is not at issue here.

retaliation under Title VII for complaining to Defendants about sex discrimination. (Id. ¶¶ 55-59.) Finally, Plaintiff brings a claim for wrongful discharge in violation of North Carolina public policy under N.C. Gen. Stat. § 143-422.2. (Id. ¶¶ 62-65.)

Defendant Express filed its Motion to Dismiss, (Doc. 16), and a supporting memorandum, (Def.'s Br. (Doc. 19)). Plaintiff responded, (Pl.'s Resp. (Doc. 21)), and Defendant has replied, (Doc. 22).

## II. ANALYSIS

Defendant Express moves to dismiss Plaintiff's First and Second Claims pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies. (Doc. 16 at 1-2.) Defendant Express also moves to dismiss Plaintiff's Third Claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Id. at 2.) The court will address each argument in turn.

### A. Standard for Rule 12(b)(6) Motions

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable" and must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Nevertheless, sufficient factual allegations must "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 500 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680. A court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore, 335 F. Supp. 2d at 646. Consequently, even given the deferential standard allocated to pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678

**B.  Failure to Exhaust Administrative Remedies**

Defendant Express moves to dismiss Plaintiff's Title VII claims for sexual harassment and retaliation — Claims One and Two, respectively — for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies. (Def.'s Br. (Doc. 19) at 1, 7.) Specifically, Defendant Express contends that Plaintiff's amended EEOC charge — amended to include Defendant Express — was not timely filed and therefore Plaintiff is barred from bringing Title VII claims against Defendant Express in federal court. (Id. at 7.)

Under the EEOC administrative framework, "an individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act." Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). A plaintiff must "describe generally the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b) (2004)). A plaintiff must also file their EEOC charge of discrimination within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1).

The Supreme Court, however, holds that "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," and is instead "a

requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Fort Bend Cty. v. Davis, 587 U.S. ____, 139 S. Ct. 1843, 1849-50 (2019) (noting that the "Court has characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief," including "Title VII's time limit for filing a charge with the EEOC"). A plaintiff thus may be estopped from bringing a claim based on an untimely EEOC charge. Zipes, 455 U.S. at 393. Further, "equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). This exception, however, is used "sparingly" and does not apply to "what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Because the timeliness of the amended charge is not jurisdictional, and is akin to a statute of limitations, the court will analyze Defendant's motion under Rule 12(b)(6) instead of Rule 12(b)(1). See Fulmore v. City of Greensboro, 834 F. Supp. 2d 396, 411 (M.D.N.C. 2011) (analyzing a defendant's 12(b)(1) motion for failure to timely file a Title VII complaint under 12(b)(6), likening the timely filing requirement to a

-9-

statute of limitations). In making a Rule 12(b)(6) determination, "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Thus, the court may only look at the complaint and the amended charge Plaintiff attached to the complaint. (Am. Compl. (Doc. 12) Ex. 1, Amended Charge of Discrimination ("Am. Charge") (Doc. 12-1) at 1.)

In determining whether Plaintiff plausibly alleged she timely filed her amended charge, the court must first determine the applicable filing deadlines for her charges of discrimination. Because Plaintiff makes a hostile work environment claim, (Am. Compl. (Doc. 12) ¶¶ 46-49), she had to file "within 180 . . . days of any act that is part of the hostile work environment." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002). The last alleged discriminatory act took place on March 8, 2018, the same day she was fired, which she also alleges was a retaliatory action. (Am. Compl. (Doc. 12) ¶¶ 55-59.) Her deadline for her sexual harassment and sex discrimination claim and her retaliation claim, therefore, was September 4, 2018; 180 days after her March 8, 2018 firing.

Taking the facts raised in the complaint as true, and drawing all reasonable factual inferences in Plaintiff's favor,

Plaintiff plausibly alleges that she timely filed her amended charge of discrimination to include Defendant Express. Plaintiff submits that "[o]n or about May 17, 2018, Ms. VanStavern filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of her sex and retaliation against her complaints of sexual harassment. Plaintiff named Defendants ICE and Express in her Amended Charge of Discrimination." (Am. Compl. (Doc. 12) ¶ 42.) The amended charge is also dated May 17, 2018. (Am. Charge (Doc. 12-1) at 1.) Drawing all reasonable factual inferences in Plaintiff's favor, therefore, the court finds that Plaintiff has plausibly alleged that she timely filed her amended charge well before the September 4, 2018 deadline.

While Defendant Express takes issue with the timeliness of Plaintiff's amended charge, arguing that the charge's filing number, (Def.'s Br. (Doc. 19) at 15), and the EEOC notice of charge of discrimination sent to Defendant indicate Plaintiff's amended charge was untimely, (Doc. 22 at 5 n.2), the court finds that these are factual matters that should be resolved at the summary judgment stage.

The court concludes that evaluating the merits of these claims pursuant to a Rule 12(b)(6) motion to dismiss would require the court to consider matters that necessarily fall

outside Plaintiff's complaint and the attached amended charge. Because these matters involve disputed factual issues as to when Plaintiff filed her amended charge, it would be premature for this court to consider this matter at the motion to dismiss stage, before both parties have been given a reasonable opportunity for response and discovery regarding these claims.

This case will therefore proceed with discovery on Plaintiff's federal claims and, for the reasons set forth below, Plaintiff's state claims as well. For these reasons, Defendant Express' motion to dismiss Plaintiff's Title VII claims will be denied without prejudice to Defendant's ability to raise these issues in a motion for summary judgment at the appropriate time.

### C. Failure to State a Claim for Wrongful Discharge under North Carolina Public Policy under Rule 12(b)(6)

Defendant Express moves to dismiss Plaintiff's Third Claim — wrongful discharge in violation of public policy under N.C. Gen. Stat. § 143-422.2 — for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Br. (Doc. 19) at 16.) The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards and legal principles in discrimination cases brought under N.C. Gen. Stat. § 143-422.2. See N.C. Dep't of Corr. v. Gibson, 308 N.C. 131, 137, 301 S.E.2d 78, 82 (1983); see also Donovan v. Bragg Mut. Fed. Credit Union, No. 5:18-CV-

148-FL, 2019 WL 189000, at *5 (E.D.N.C. Jan. 14, 2019) (applying Title VII doctrine to a claim brought under NCEEPA).

Defendant Express contends Plaintiff fails to plausibly allege that it is Plaintiff's joint employer. (Def.'s Br. (Doc. 19) at 16–19.) Defendant further argues that, even if Plaintiff plausibly alleges Defendant is her joint employer, Plaintiff fails to plausibly allege that Defendant Express participated in, or knew or should have known about, the discriminatory conduct. (Id.) Because these issues implicate Title VII, see Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408–09 (4th Cir. 2015) (considering the issues of (1) whether an entity is a joint employer and (2) joint employer liability in the Title VII context), this court will apply Title VII doctrine to these contentions. This court will therefore reserve ruling on this motion until summary judgment pursuant to Fed. R. Civ. P. 12(i). Defendant's motion to dismiss Plaintiff's state law claim will thus be denied without prejudice to Defendant's ability to raise this issue in a motion for summary judgment at the appropriate time.

III. **CONCLUSION**

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (Doc. 16), filed by Defendant Express Services, Inc., is **DENIED WITHOUT PREJUDICE.**

This the 18th day of March, 2020.

_____
United States District Judge